# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC | : |
| Plaintiff, | : |
| v. | : C.A. No. 18-431-LPS |
| | : through C.A. No. 18-440-LPS |
| JOHN DOE subscriber assigned IP addresses 72.45.26.32, *et al.* | : |
| Defendants. | : |

At Wilmington this **25th** day of **April, 2018**:

Pending before the Court are Plaintiff Strike 3 Holdings, LLC's ("Strike 3" or "Plaintiff") ex parte motions for leave to serve third party subpoenas prior to a Rule 26(f) conference on internet service providers ("ISPs"), seeking discovery to obtain the name and residential address of each Defendant John Doe ("Doe Defendants") identified only by an internet protocol ("IP") address in ten copyright infringement actions arising from the downloading of online adult entertainment content. (*See e.g.,* C.A. No. 18-431-LPS D.I. 4)[1] For the reasons stated below, in each case the Court will grant the motion, subject to a protective order outlined below.

1. According to the complaint, Plaintiff is an adult entertainment company that owns the copyrights to popular and award-winning adult motion pictures distributed through the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* adult websites and DVDs. (D.I. 1 ¶¶ 2-3, 13-15) The

---

[1]Unless otherwise noted, citations to the record are to C.A. No. 18-431-LPS. Although Plaintiff has filed a separate motion in each of the 10 cases captioned above, the legal issues presented, and their resolution, are identical in each case. Accordingly, they will all be addressed together. Except where noted, the D.I. numbers corresponding to the pending motions and briefs are the same in each civil action.

popularity of these movies, the complaint alleges, has led some internet users to commit online piracy using a computer file-sharing program called BitTorrent. (*See id.* ¶¶ 16-22) Plaintiff alleges that Doe Defendants committed copyright infringement by illegally downloading Plaintiff's motion pictures as well as distributing them to others over an extended time using BitTorrent. (*See id.* ¶¶ 4-5, 23) Although Doe Defendants' online activity is anonymous, Plaintiff hired independent investigators to obtain and confirm the specific IP address linked to the pirated content, which could help identify Doe Defendants. (*See* D.I. 5 at 1, Ex. B-D) Plaintiff alleges that Doe Defendants' ISPs are the only parties that can identify Doe Defendants' name and address through his or her assigned IP address. (*See* D.I. 5 at 1, Ex. C; D.I. 1 ¶ 5)

2. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P 26(d)(1). Courts in this district have applied a "good cause" standard in cases like these, "where expedited discovery is sought in order to identify unknown or anonymous John Doe defendants." *Reybold Grp. of Companies, Inc. v. Does 1-20*, 323 F.R.D. 205, 208 (D. Del. 2017); *see also Vision Films, Inc. v. John Does 1-24*, 2013 WL 1163988, at *3 (D. Del. Mar. 20, 2013). To determine whether good cause exists, the Court considers many factors, including: (1) whether Plaintiff has established a *prima facie* showing of copyright infringement; (2) whether Plaintiff "has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue;" and (3) whether "expedited discovery is necessary because evidence identifying the defendants may be otherwise destroyed (e.g., as a result of routine deletion by third party ISPs)." *Reybold*, 323 F.R.D. at 208; *see also Vision Films*, 2013 WL 1163988 at *3.

3. Plaintiff has shown good cause exists to serve a third-party subpoena to the respective ISPs identified in the complaint, *see* D.I. 1 Ex. A, for each Doe Defendant. Plaintiff has established a *prima facie* showing of alleged copyright infringement by submitting evidence – which the Court accepts as true for purposes of the pending motions – that shows the Doe Defendants copied Plaintiff's copyrighted work. (*See* D.I. 1 ¶¶ 34-39; D.I. 5 Exs. A-D) Plaintiff has also shown that Plaintiff cannot obtain Doe Defendants' identities in the absence of a subpoena to the corresponding ISPs. (*See* D.I. 5 Ex. C ¶ 10) The Court is further persuaded by Plaintiff's assertion that expedited discovery is necessary because "[each Doe] Defendant's ISP only maintains the internal logs of the requested information for a brief period of time." (*Id.* at 2, 8-9)

4. Even when these types of motions are granted, courts "still assess whether other protections should be imposed to protect defendants from misuse of their personal information." *Reybold*, 323 F.R.D. at 209; *see also Vision Films*, 2013 WL 1163988, at *4-5. This is "because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent parties from contesting the allegations." *Digital Sin, Inc. v. Does 1-5698*, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011). The Court is "concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded" the alleged copyrighted content. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (finding this "risk is not purely speculative," as "the true offender" may be family member or friend, or neighbor who shares IP addresses or wireless networks). "This risk of false positives gives rise to the

potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading" online adult content. *Id.* (internal quotation marks omitted). Given these concerns, the Court finds it appropriate to enter a protective order.

Accordingly, the Court **ISSUES** a protective order to the limited extent that any information regarding any Doe Defendant released to Plaintiff by an ISP shall be treated as confidential until further order of the Court. Specifically, Plaintiff shall not publicly disclose such information until such Doe Defendant has the opportunity to file a motion with this Court to be allowed to proceed in this litigation anonymously and, if such motion is filed, until after that motion is resolved by the Court. If a Doe Defendant includes identifying information within his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until the Court has the opportunity to rule on the request.

For the reasons stated above, **IT IS HEREBY ORDERED** that the motion for leave to serve a third-party subpoena is **GRANTED** as follows: C.A. No. 18-431-LPS D.I. 4, C.A. No. 18-432-LPS D.I. 4, C.A. No. 18-433-LPS D.I. 4, C.A. No. 18-434-LPS D.I. 4, C.A. No. 18-435-LPS D.I. 4, C.A. No. 18-436-LPS D.I. 4, C.A. No. 18-437-LPS D.I. 4, C.A. No. 18-438-LPS D.I. 4, C.A. No. 18-439-LPS D.I. 4, and C.A. No. 18-440-LPS D.I. 4.

**IT IS FURTHER ORDERED** that Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on the ISPs listed in Exhibits A to the complaints that seeks only the true name and address of Doe Defendants. Plaintiff shall not subpoena additional information. The subpoena shall have a copy of this order attached.

**IT IS FURTHER ORDERED** that the ISP shall have 60 days from the date of service

4

upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this order. The ISP may serve each Doe Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that each Doe Defendant shall have 90 days from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the court that issued the subpoena, as well as any request to litigate the subpoena anonymously. The ISPs shall not turn over Doe Defendants' identifying information to Plaintiff before the expiration of the 90-day period. If that 90-day period lapses without Doe Defendant contesting the subpoena, the ISP shall have 10 days to produce the information responsive to the subpoena to Plaintiff. Additionally, if a Doe Defendant or an ISP files a motion to quash the subpoena, the ISPs shall not turn over any information to Plaintiff until the issues have been addressed and the Court issues another order instructing the ISPs to turn over the requested information.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion contesting the subpoena (including a motion to quash or modify the subpoena).

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and costs report to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a

provider of Internet services to one of the Doe Defendants.

**IT IS FURTHER ORDERED** that if the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this order to relevant Doe Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the listed ISPs.

**IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the complaint.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE